IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CONLEY B. SHEETS, JR.,**

        Plaintiff,

v.

        CIVIL ACTION NO.: 3:15-CV-72 (GROH)

**CALIBER HOME LOANS, INC.,**

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

### I. INTRODUCTION

On October 7, 2015, Plaintiff Conley B. Sheets, Jr. ("Plaintiff"), through counsel Garry G. Geffert, Esq., filed a Motion to Compel Answers to his First Interrogatories and First Requests for the Production of Documents ("Motion to Compel"). Mot. to Compel, ECF No. 16. In his Motion to Compel, Plaintiff requests that this Court order Defendant Caliber Home Loans, Inc. ("Defendant"), to fully respond to Interrogatory No. 9 of Plaintiff's First Interrogatories and Document Request Nos. 15 and 16 of Plaintiff's First Requests for the Production of Documents. Id. at 1. On October 26, 2015, Defendant filed its Response to the Motion to Compel [ECF No. 19] and a Motion for a Protective Order [ECF No. 20], as well as a Memorandum in Support of its Motion for a Protective Order [ECF No. 21]. In its Motion for a Protective Order, Defendant acknowledges that Plaintiff is entitled to the information sought in his Motion to Compel but requests that this Court grant a protective order to prevent the information from "be[ing] disseminated

beyond this case or to individuals who are not involved in . . . this case." Mot. for Protective Order at 5, ECF No. 20.

Subsequently, Plaintiff filed his Response to the Motion for a Protective Order and Reply in Support of his Motion to Compel [ECF No. 24] and Defendant filed its Reply in Support of its Motion for a Protective Order [ECF No. 25]. On October 27, 2015, the matter was referred to the undersigned United States Magistrate Judge for disposition. 28 U.S.C. § 636(b)(1)(B) (2009); Fed. R. Civ. P. 72(b). The undersigned held an evidentiary hearing on Plaintiff's Motion to Compel and Defendant's Motion for a Protective Order on November 16, 2015. For the reasons set forth below, Plaintiff's Motion to Compel is denied and Defendant's Motion for a Protective Order is granted.

## II. BACKGROUND

On May 4, 2015, Plaintiff filed a Complaint in state court against Defendant, alleging that Defendant had violated two sections of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Compl., ECF No. 1-1. Specifically, Plaintiff alleges that Defendant violated: (1) W. Va. Code § 46A-2-127(d), which prohibits "any false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding," and (2) W. Va. Code § 46A-2-128(e), which prohibits "[a]ny communication with a consumer made more than seventy-two hours after [a] debt collector receives written notice . . . that the consumer is represented by an attorney specifically with regard to the subject debt." Id. at 8. Defendant removed the action to federal court on June 11, 2015. Notice of Removal, ECF No. 1.

2

On August 5, 2015, Plaintiff served his First Interrogatories and First Requests for the Production of Documents on Defendant. Certificate of Serv., ECF No. 11. On September 8, 2015, Defendant served on Plaintiff its responses to the discovery requests. Certificate of Servs., ECF Nos. 14, 15. However, Plaintiff considered the responses incomplete, in part because Defendant had failed to provide a privilege log. ECF No. 16 at 1; Pl.'s Ex. A, ECF No. 16-2; Pl.'s Ex. B, ECF No. 16-3. Therefore, on September 25, 2015, Plaintiff informed Defendant of the responses he deemed insufficient. Pl.'s Ex. C, ECF No. 16-4.

On September 30, 2015, and October 6, 2015, the parties' counsel conferred by telephone, narrowing the discovery dispute to Interrogatory No. 9 and Document Request Nos. 15 and 16. Pl.'s Ex. D, ECF No. 16-5. These discovery requests pertain to the Ninth Defense asserted in Defendant's Answer. See Pl.'s Mem. in Supp. of Mot. to Compel at 2-4, ECF No. 16-1. In its Ninth Defense, Defendant states that "[a]ny alleged violations of the [WVCCPA] [that it committed] . . . were unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Answer at 5-6, ECF No. 4. Specifically, in Interrogatory No. 9 and Document Request Nos. 15 and 16, Plaintiff seeks the "detail[s] [of] the procedures referred to by [Defendant] in its Ninth Defense," "[e]ach document concerning [Defendant's] Ninth Defense" and "[e]ach manual, memorandum, handbook or other document . . . describing the procedures referred to by [Defendant] in its Ninth Defense," respectively. ECF No. 16-1 at 2-4.

In its responses to these discovery requests, Defendant reaffirms "that it has policies and procedures reasonably adapted to avoid . . . violations [of the WVCCPA]."

Id. However, in its responses to Document Request Nos. 15 and 16, Defendant states that the information requested "constitutes or concerns confidential commercial information, trade secrets, or other proprietary information" and that it will only produce the requested information "[s]ubject to entry of an agreed upon protective order." Id. at 3-4. On October 6, 2015, Plaintiff sent Defendant a letter summarizing the unresolved discovery issues and acknowledging that Defendant would "move for a protective order before producing the requested documents." ECF No. 16-5. The following day, Plaintiff filed the instant Motion to Compel.

### III.  DISCUSSION

**A.  Contentions of the Parties**

In his Motion to Compel, Plaintiff "moves to compel full responses to his discovery requests." ECF No. 16-1 at 1. Specifically, Plaintiff contends that the information sought is clearly relevant and that Defendant waived its right to object to his discovery requests. Id. at 3-5. Plaintiff further contends that Defendant's unsubstantiated, boilerplate objections are insufficient to support a claim of confidential commercial information, trade secrets or other proprietary information. Id. at 4.

In its Response to the Motion to Compel, Defendant admits that the information Plaintiff seeks in Interrogatory No. 9 and Document Request Nos. 15 and 16 is relevant and that Plaintiff is entitled to the information. Def.'s Resp. at 2, ECF No. 19. However, Defendant states that the information concerns its internal policies and procedures "of collecting on a debt when a borrower on an account is in bankruptcy," which Defendant keeps confidential. Def.'s Mem. in Supp. of Mot. for Protective Order at 3, ECF No. 21. Defendant therefore requests a protective order prior to disclosing the information, to

4

prevent dissemination of its confidential policies and procedures to individuals outside of this action. Id. at 6.

In his Response to the Motion for a Protective Order, Plaintiff repeats the arguments asserted in his Motion to Compel and additionally argues that Defendant's Motion for a Protective Order should be denied as untimely. Pl.'s Resp. at 2, ECF No. 24. In its Reply, Defendant denies that its Motion for a Protective Order was untimely and contends that Plaintiff's arguments "do not support denying [its] Motion for a Protective Order." Def.'s Reply at 1, 3, ECF No. 25.

**B.      Analysis of Plaintiff's Motion to Compel and Defendant's Motion for a Protective Order**

   **1.   Whether Defendant Waived its Right to Object to Plaintiff's Discovery Requests**

The first issue is whether Defendant waived its right to object to Plaintiff's discovery requests. Plaintiff contends that Defendant waived its right to object in two ways. First, Plaintiff contends that Defendant waived its right to raise objections to any of its discovery requests by failing to submit a privilege log with its responses as required by the Local Rules. ECF No. 16-1 at 4-5; ECF No. 24 at 3-5. Second, Plaintiff contends that Defendant waived its right to raise objections to Interrogatory No. 9 because it failed to specifically object to that interrogatory. ECF No. 16-1 at 3; ECF No. 24 at 3. Defendant counters by arguing it did not claim that the information requested was subject to a privilege and that its objection to Interrogatory No. 9 is obvious. See ECF No. 19 at 1-3.

Regarding Plaintiff's first argument, a party has a duty pursuant to Local Rule 26.04(a)(2) to provide a privilege log with his or her responses if a discovery request

was objected to on the grounds of privilege. LR Civ P 26.04(a)(2). Material is privileged if it is outside the scope of discovery and need not be turned over to an opposing party. Fed. R. Civ. P. 26(b)(1). The purpose of a privilege log is to "provide[] information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligible determination about the validity of the assertion of the privilege." Johnson v. Ford Motor Co., 309 F.R.D. 226, 233 (S.D. W. Va. 2015) (quoting Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J., No. 11 Civ. 6746, 2014 WL 2518959, at *5 (S.D.N.Y. June 4, 2014)).

In the present case, the undersigned finds that Defendant had no duty to provide a privilege log to Plaintiff. Defendant is not claiming that its internal policies and procedures for collecting debts are privileged or are outside the scope of discovery.[1] Instead, Defendant admits that Plaintiff is entitled to its internal policies and procedures and agrees to provide them subject to a protective order. Because Defendant will ultimately provide this information to Plaintiff, the purpose of a privilege log would not be fulfilled by ordering Defendant to submit one. Consequently, Defendant has not waived its right to object to Plaintiff's discovery requests by failing to submit a privilege log.

Regarding Plaintiff's second argument, a party has several options when faced with a discovery request. First, the party may provide a complete substantive response

---

[1] Plaintiff argues that any objection on the grounds of confidential commercial information, trade secrets or other proprietary information requires that a privilege log be submitted, citing Bennet v. Equitable Trust Mortg. Corp., No. 3:09-cv-62, 2010 U.S. Dist. LEXIS 53940 (N.D. W. Va. June 1, 2010). ECF No. 16-1 at 4-5. In Bennet, the defendants objected to three of the plaintiff's discovery requests on the grounds that the requests sought "confidential and proprietary information" but failed to provide a privilege log with its responses. Bennet, 2010 U.S. Dist. LEXIS 53940, at *10-14. Subsequently, the Court held that the defendants had erred by failing to provide such a log. Id. The defendants, however, had asserted that the information sought in the discovery requests were privileged and barred from discovery. Id. Because Defendant does not assert such a privilege in this case, the instant case is factually distinguishable from Bennet.

to the request. Fed. R. Civ. P. 33, 34. Second, the party may object to the request. Id. Third, the party may move for a protective order. Fed. R. Civ. P. 26(c); see also Nelson v. Capital One Bank, 206 F.R.D. 499, 500 (N.D. Cal. 2001) (stating that "the party responding to written discovery may either object properly *or* seek a protective order") (emphasis added). Finally, the party may take no action and face the imposition of sanctions. Fed. R. Civ. P. 37.

In the present case, the undersigned finds that, when reading Defendant's responses to Plaintiff's discovery requests as a whole, Defendant's objection to Interrogatory No. 9 is clear and obvious. When responding to Interrogatory No. 9, Defendant stated that "it has [internal] policies and procedures reasonably adapted to avoid . . . violations" of the WVCCPA. ECF No. 16-1 at 2. Then, when asked to produce those internal policies and procedures in Document Request Nos. 15 and 16, Defendant stated that the policies and procedures "constitute[] or concern[] confidential commercial information, trade secrets, or other proprietary information [and that, s]ubject to entry of an agreed upon protective order, [it would] produce its policies and procedures." Id. at 3-4. Plaintiff, therefore, was aware of Defendant's concern regarding the subject matter of Interrogatory No. 9 and Document Request Nos. 15 and 16. Plaintiff's awareness is further evidenced by his October 6, 2015, letter, which summarizes the unresolved discovery issues and acknowledges Defendant's intent to file a motion for a protective order prior to responding to Interrogatory No. 9 and Document Request Nos. 15 and 16. Moreover, Defendant followed through with its statements in its discovery responses by filing the instant Motion for a Protective Order, which more fully discusses Defendant's

7

objections to Interrogatory No. 9 and Document Request Nos. 15 and 16. Consequently, Defendant has not waived its right to object to Interrogatory No. 9.

**2. Whether Defendant's Motion for a Protective Order was Untimely**

The next issue is whether Defendant's Motion for a Protection Order was untimely. Plaintiff argues that, because Defendant filed its Motion for a Protective Order over two and a half months after its responses to Plaintiff's discovery requests were due, the motion should be deemed untimely. ECF No. 24 at 2-3. Defendant argues that its Motion for a Protective Order was not untimely because, in their Rule 26(f) discovery conference, the parties agreed to address claims of privilege or protection as they arose and because the parties engaged in "repeated conversations" regarding Plaintiff's discovery requests and Defendant's responses to those requests. ECF No. 25 at 1-3.

Neither Federal Rule of Civil Procedure ("FRCP") 26(c), which governs protective orders, nor this Court's Local Rules "contain any explicit time limit for filing a motion for a protective order." Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 221 (N.D. W. Va. 2007). However, "there is an implicit requirement that the motion must be timely, or seasonable." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C. 1991). Therefore, if a motion for a protective order is not timely filed, then a court may deny the motion on the grounds of untimeliness. Id. Generally, to be considered timely, a "[m]otion[] for a protective order must be made before or on the date the discovery [response] is due." Ayers, 240 F.R.D. at 221. When considering whether a motion was timely filed, "a court should consider all of the circumstances facing the parties. Thus, a failure to request a protective order prior to the time set for producing the discovery may be excused for good cause, such as lack of sufficient time or opportunity to obtain the

order." Brittain, 136 F.R.D. at 413; see also Ayers, 240 F.R.D. at 221 (stating that a "party's untimeliness may be excused if there is no opportunity to move for a protective order").

In the present case, the undersigned finds that Defendant had good cause for not filing its Motion for a Protective Order by the date its discovery responses were due.[2] Plaintiff served his First Interrogatories and First Requests for the Production of Documents on Defendant on August 5, 2015. Because Defendant did not file its Motion for a Protective Order until October 26, 2015, approximately a month and a half after its discovery responses were due, Defendant's motion may appear untimely at first glance. However, the totality of the circumstances shows otherwise for several reasons.

First, in their Rule 26(f) discovery planning conference, the parties agreed to address claims of privilege or protection "asserted after production . . . as they arise," to which Defendant has abided. Report, ECF No. 8. Second, Defendant's delay in filing its Motion for a Protective Order is the result of its good faith efforts to resolve the discovery dispute without court intervention. Defendant alerted Plaintiff in its discovery responses that it would seek a protective order prior to disclosing its internal policies and procedures. The parties then conferred on September 30, 2015, and October 6, 2015, in an attempt to resolve their discovery disputes. While Defendant did not file its

---

[2] Plaintiff argues that this Court must find that Defendant's Motion for a Protective is untimely, citing Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 221 (N.D. W. Va. 2007). See ECF No. 24 at 3. Ayers, however, is factually distinguishable from the instant case. In Ayers, the defendants served their discovery requests on the plaintiffs on January 11, 2006, and the parties agreed that the plaintiffs would serve their responses by July 14, 2006, over six months later. Ayers, 240 F.R.D. at 221. While the plaintiffs served their responses on July 14, 2006, they did not file their motion for a protective order until September 11, 2006, eight months after receiving the defendants' discovery requests. Id. at 221-22. While the Ayers Court held that the plaintiff's motion for a protective order was untimely, this Court is not confronted with such an inexcusable, prolonged delay. Id. at 222.

9

motion until after the parties had failed to agree on whether a protective order was appropriate and what the terms of such an order should be, Defendant should not be penalized for its good faith negotiations. Finally, Plaintiff has not suffered any prejudice by Defendant's delay. The deadline for discovery is set for April 29, 2016, leaving Plaintiff ample time to receive and review Defendant's internal policies and procedures and to seek any additional discovery if he finds it necessary. Consequently, any untimeliness on the part of Defendant is excused.

### 3. Whether Defendant's Internal Policies and Procedures Constitute Confidential Commercial Information, Trade Secrets or Other Proprietary Information

The next issue is whether Defendant's internal policies and procedures constitute confidential commercial information, trade secrets or other proprietary information. Defendant attached the affidavit of Jeannette Bochniak, a Default Service Officer employed by Defendant, in support of its claim that its internal policies and procedures constitute confidential commercial information, trade secrets or other proprietary information. ECF No. 20 at 1-2. Plaintiff argues that Defendant's unsubstantiated, boilerplate assertions are insufficient to support such a claim. ECF No. 16-1 at 4; ECF No. 24 at 6-7.

Local Rule 26.05 allows a party to seek entry of a protective order if: "(1) the information qualifies for protection under [FRCP] 26(c) and (2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure." LR Civ P 26.05(a). Under FRCP 26(c), information qualifies for protection if it constitutes confidential commercial information, a trade secret or other proprietary information.[3]

---

[3] FRCP 26(c) authorizes a court either to bar such information from discovery or to specify the terms "for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A) & 26(c)(1)(B). The only issue before this Court is

Fed. R. Civ. P. 26(c)(1)(G). If a party claims that the information at issue qualifies for protection, then that party "bears the burden of showing good cause why the protective order should be granted." Ayers, 240 F.R.D. at 221. In so doing, "the moving party may not rely upon stereotyped and conclusory statements." Smith v. Valmet, Inc., No. 1:13-CV-266, 2014 WL 4954648, at *2 (N.D. W. Va. Oct. 2, 2014). Instead, the "movant must present a particular and specific demonstration of fact as to why a protective order should issue." Id. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Id. Therefore, "the standard for issuance of a protective order is high." Byard v. Verizon W. Va., Inc., No. 1:11CV132, 2013 WL 5636744, at *3 (N.D. W. Va. Oct. 15, 2013).

The Fourth Circuit has declared that, in diversity cases, courts should look to West Virginia law to determine whether "there is good cause to issue a protective order to prevent the disclosure of documents." IVS Hydro, Inc. v. Robinson, 93 F. App'x. 521, 526 (4th Cir. 2004). Specifically, the Fourth Circuit has declared that courts should look to the following six factors, set forth by the Supreme Court of Appeals of West Virginia:

1)     [T]he extent to which the information is known outside of the defendant's business;

2)     [T]he extent to which it is known by employees and others involved in the defendant's business;

3)      [T]he extent of the measures taken by the defendant to guard the secrecy of the information;

4)     [T]he value of the information to the defendant and competitors;

5)     [T]he amount of effort or money expended by the defendant in developing the information; and

---

whether Defendant's internal policies and procedures should be prevented from being disseminated to individuals outside of this action, not whether the policies and procedures should be barred from discovery altogether.

11

> 6) [T]he ease or difficulty with which the information could be properly acquired or duplicated by others.

Gil v. Ford Motor Co., No. CIV A 1:06CV122, 2007 WL 2580792, at *3-4 (N.D. W. Va. Sept. 4, 2007) (adopting the test "found in § 757 of the Restatement of Torts"). The "absence of evidence as to any one factor does not necessarily preclude a finding" that the information should be protected. McGough v. Nalco Co., 496 F. Supp. 2d 729, 740 (N.D. W. Va. 2007). However, a corporation's internal policies and procedures should not be protected when they are based on general guidelines published by a third party. Motto v. Corr. Med. Servs., No. 5:06-CV-00163, 2009 WL 347432, at *1 (S.D. W. Va. Feb. 9, 2009) (ruling that the defendant's internal policies and procedures were not trade secrets or confidential commercial information because they were based on general guidelines published by two different third parties and therefore had no discernible commercial value).

In the present case, the undersigned finds that Defendant's internal policies and procedures qualify for protection as confidential commercial or other proprietary information. The undersigned further finds that, because Defendant is not seeking to protect its internal policies and procedures from disclosure but only from dissemination outside of this litigation, Defendant has met its burden of proving that good cause exists to issue a protective order for several reasons. First, a review of the six-factors discussed above and the affidavit attached to Defendant's Motion for a Protective Order supports the issuance of a protective order. Second, Defendant will face harm if its internal policies and procedures are widely disseminated. Because its internal policies and procedures are not based on general guidelines published by a third party but are

12

instead "the results of years of labor" in fine-tuning its own interpretations of the WVCCPA, they are economically valuable. Therefore, if Defendant's competitors obtain its internal policies and procedures, they will be able to collect upon debts more profitably and competitively, causing harm to Defendant. Finally, Plaintiff will not be prejudiced or burdened by the issuance of a protective order. Consequently, a protective order is appropriate under these circumstances.

### 4. Whether Reasonable Attorney's Fees and Costs are Warranted

The final issue is whether attorney's fees and costs are warranted under these circumstances. FRCP 37(a)(5) states that, if a motion to compel is denied, then:

> [T]he court may issue any protective order authorized under [FRCP] 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.
>
> But the court must not order this payment if the motion [to compel] was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). A party's conduct is substantially justified "if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Burkett, 244 F.R.D. at 330 (quoting Pierce v. Underwood, 487 U.S. 552, 566 (1988)). The burden is on the party who lost the motion to prove that his or her conduct was substantially justified or that an award of expenses would be unjust. Id. When determining whether an award of expenses would be unjust, the Court may consider the following four factors:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (identifying the four factors as a "test for a district court to use when determining what sanctions to impose under [FRCP] 37"); Clay v. Consol Pa. Coal Co., LLC, No. 5:12CV92, 2013 WL 3819670, at *3 (N.D. W. Va. July 23, 2013) (using the four factors to determine that an award of expenses was not unjust).

In the present case, the undersigned finds that an award of attorney's fees and costs is unwarranted in these circumstances for two reasons. First, neither party presented arguments so lacking in merit as to warrant attorney's fees. Instead, each party raised good faith arguments regarding legal issues over which reasonable people could differ. Therefore, a genuine dispute existed as to the appropriateness of a protective order and each party's actions were substantially justified. Second, upon consideration of the four factors identified above, an award of expenses would be unjust. No evidence exists that either party acted in bad faith or suffered any prejudice. Moreover, because both parties have attempted to comply with the Federal Rules of Civil Procedure and the Local Rules and have conferred in good faith to resolve this discovery dispute, their conduct is not of the sort that must be deterred. Finally, a sufficient amount of time exists for both parties to seek additional discovery before the April 29, 2016, discovery deadline, if they find it necessary, rendering any sort of sanction improper. Consequently, an award of attorney's fees and costs is not appropriate.

## IV.    CONCLUSION

For the reasons herein stated, Plaintiff's Motion to Compel [ECF No. 16] is **DENIED** and Defendant's Motion for a Protective Order [ECF No. 20] is **GRANTED**.

Accordingly, it is **ORDERED** that the parties confer in good faith and submit a proposed protective order to the Court within **twenty-one (21) days** of the entry of this Order. It is further **ORDERED** that Defendant, as professed, respond to Interrogatory No. 9 of Plaintiff's First Interrogatories and to Document Request Nos. 15 and 16 of Plaintiff's First Requests for the Production of Documents as soon as possible, but in any event no later than **ten (10) days** after a protective order is issued. Each party shall bear its own attorney's fees and costs incurred as a result of this Motion.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140, 155 (1985). The filing of objections will not stay this Order.

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Respectfully submitted this 1st day of December, 2015.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE