**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CONLEY B. SHEETS, JR.,**

    Plaintiff,

**v.**                                            **CIVIL ACTION NO.: 3:15-CV-72
(GROH)**

**CALIBER HOME LOANS, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

Currently pending before the Court is the Plaintiff's Motion to Remand [ECF No. 5], filed on July 10, 2015. The Defendant filed its Response in Opposition [ECF No. 7] on July 24, 2015. On August 3, 2015, the Plaintiff filed his Reply [ECF No. 10]. For the reasons set forth below, the Court **GRANTS** the Plaintiff's Motion to Remand and accordingly **REMANDS** the proceeding to the Circuit Court of Berkeley County, West Virginia.

### I. Background

On April 28, 2014, the Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of West Virginia. Chapter 7 Voluntary Petition, In re Sheets, No. 3:14-bk-496 (Bankr. N.D. W. Va. Apr. 28, 2015), ECF No. 1. By May 30, 2014, the trustee of the Plaintiff's bankruptcy estate certified "that the estate . . . [had] been fully administered." Docket Text, In re Sheets, No. 3:14-bk-496, ECF No. 9. On July 29, 2014, the Bankruptcy Court

entered orders discharging the Plaintiff and closing the case. Order Discharging Debtor and Final Decree, In re Sheets, 3:14-bk-496, ECF Nos. 20 and 21.

Nine months after the closing of his bankruptcy proceeding, on May 4, 2015, the Plaintiff filed the instant case against the Defendant, Caliber Home Loans, Inc. On June 11, 2015, the Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1334, 1446 and 1452. ECF No. 1.

In his complaint, the Plaintiff alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") based upon the Defendant's (1) attempts to contact him directly when it was aware that he was represented by counsel, in violation of W. Va. Code § 46A-2-128(e), and (2) false representations as to the amount and status of claims against him, in violation of W. Va. Code § 46A-2-127(d). On its face, the Plaintiff's complaint does not raise any violations of federal law.

In his motion to remand, the Plaintiff asserts that his claims against the Defendant fail to "arise under," "arise in" or "relate to" a case under Title 11, and therefore this Court does not have subject matter jurisdiction over his claims. The Plaintiff further avers that federal bankruptcy law does not displace the state law violations alleged in this case. The Plaintiff contends that even if this Court were to find his state law claims are related to a case under Title 11, the Court would be required to abstain from hearing them pursuant to 28 U.S.C. § 1334(c)(2).

In the Defendant's response, it argues that the Plaintiff's state cause of action constitutes a "core proceeding" that arises under Title 11 because the claims are premised upon the Plaintiff's freedom from creditor communications in light of his bankruptcy discharge. The Defendant alleges that "the vast majority of [the] Plaintiff's

claims are . . . claims for violation of the bankruptcy discharge"[1] created by 11 U.S.C. § 524.[2] ECF No. 7 at 5. The Defendant contends that the United States Bankruptcy Court for the Northern District of West Virginia has exclusive jurisdiction to hear the Plaintiff's § 46A-2-127(d) claims. The Defendant further asserts that the Plaintiff's § 46A-2-127(d) claims are preempted by § 524 of the United States Bankruptcy Code.[3] The Defendant notes that the United States Bankruptcy Court for the Northern District of West Virginia may not have jurisdiction over the Plaintiff's § 46A-2-128(e) claims.

In his reply, the Plaintiff reiterates that his claims are based upon violations of West Virginia state law—not federal bankruptcy law. The Plaintiff argues that his claims do not constitute a "core proceeding" under bankruptcy. The Plaintiff further contends that his complaint does not allege a violation of the discharge injunction, and therefore the Bankruptcy Court does not have jurisdiction over this matter.

---

[1] The Defendant avers that "[a]ll but one of [the] Plaintiff's claims would not exist but for the bankruptcy discharge injunction . . . ." ECF No. 7 at 2.

[2] 11 U.S.C. § 524 governs the effect of discharge in a bankruptcy proceeding. Section 524(a)(2) provides that a discharge

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2).

[3] The Defendant quotes In re Johnston, 362 B.R. 730, 737 (Bankr. N.D. W. Va. Mar. 2, 2007), for the premise that "state law causes of action that would allow a debtor to collect damages for a violation of the discharge injunction are foreclosed by the remedies provided by § 524 of the Bankruptcy Code." ECF No. 7 at 6. In this case it must be determined whether or not the Plaintiff's § 46A-2-127(d) claims are in fact claims seeking to collect damages from the Defendant *for a violation of the discharge injunction* ordered by the Bankruptcy Court. If they are not, then the Plaintiff's § 46A-2-127(d) claims are not foreclosed by § 524 of the United States Bankruptcy Code.

3

## II. Applicable Law

Consideration of 28 U.S.C. §§ 1452(a) and 1334 is necessary to determine whether this Court has jurisdiction over the Plaintiff's claims. Section 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [§] 1334 . . . ." 28 U.S.C. § 1452(a). Pursuant to § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Title 11 of the United States Code governs bankruptcy and the terms "arising under," "arising in" and "related to" are terms with special meanings in relation to bankruptcy law. See, e.g., New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 150-51 (4th Cir. 2000).

### A. "Arising under" and "arising in" jurisdiction

Claims or proceedings that "arise under" or "arise in" Title 11 are considered "core" proceedings. See Matter of Wood, 825 F.2d 90, 95-98 (5th Cir. 1987); see also 3rd Time Trucking, LLC v. Mass. Mut. Life Ins. Co., No. 3:11-cv-68-JPB, 2011 WL 4478491, at *4 (N.D. W. Va. Sept. 26, 2011). A proceeding arises under Title 11 "if it is a cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy." In re Kirkland, 600 F.3d 310, 316 (4th Cir. 2010). Examples of proceedings that arise under Title 11 "include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate." Barge v. W. S. Life Ins. Co., 307 B.R. 541, 544 (S.D. W. Va. 2004) (citing 1 Collier on Bankruptcy ¶ 3.01(4)(b)(iv) (15th ed. 2003)). A proceeding arises in Title 11 when it is "not based on any right expressly created by Title

4

11, but nevertheless, would have no existence outside of the bankruptcy." Valley Historic Ltd. P'ship v. Bank of NY, 486 F.3d 831, 835 (4th Cir. 2007); see also In re AH Robins Co., 86 F.3d 364, 372 (4th Cir. 1996).

### B. "Related to" jurisdiction

A proceeding that is "related to a case under title 11, but not arising under title 11, or arising in a case under title 11" is a "non-core" proceeding. Bowles v. Massey Energy Co., No. 2:12-cv-05997, 2012 WL 6628953, at *4 (S.D. W. Va. Dec. 19, 2012) (internal quotations omitted). A proceeding is related to a case under Title 11 "if the out-come could alter the debtor's rights, liabilities, options, or freedom of action . . . and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate." New Horizon, 231 F.3d at 151 (quoting Celotex Corp. v. Edwards, 514 U.S. 300, 308, n.6 (1995)). Furthermore, "common issues of fact between a civil proceeding and a controversy involving a bankruptcy estate" alone "does not bring the matter within the scope of [§ 1334(b)]." Id. (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293-95 (3d Cir. 2012));[4] see also Valley Historic, 486 F.3d at 836.

---

[4] In Nuveen, the Third Circuit distinguished its previous holding in Pacor:

> There is one twist to the otherwise straightforward application of Pacor's conceivability standard. If an action is brought after the confirmation of a plan in a related bankruptcy proceeding, the post-confirmation context of the dispute alters the related to inquiry. Because a bankruptcy court's jurisdiction wanes after the confirmation of a case, retention of bankruptcy jurisdiction may be problematic . . . . At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred. Nonetheless, courts do not usually apply Pacor's effect on the bankruptcy estate test so literally as to entirely bar post-confirmation bankruptcy jurisdiction. Instead, they apply varying

## C. Lack of jurisdiction and abstention

If a proceeding fails to relate to, arise under or arise in Title 11, then the district court lacks jurisdiction under 28 U.S.C. § 1334(b) and must remand. Furthermore, if a party makes a timely motion for abstention or remand and the proceeding is related to a case under Title 11, but does not arise under or arise in Title 11, and such proceeding (1) is "based upon a [s]tate law claim or [s]tate law cause of action," (2) "could not have been commenced in a court of the United States absent jurisdiction under [§ 1334]" and (3) "can be timely adjudicated . . . in a [s]tate forum," then pursuant to § 1334(c)(2) the district court must abstain from hearing the case. 28 U.S.C. § 1334(c)(2).

Moreover, if the district court has arising under or arising in jurisdiction over a bankruptcy proceeding, then pursuant to § 1334(c)(1) it may exercise permissive abstention. Permissive abstention allows a district court to, "in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law," abstain from hearing a bankruptcy proceeding. 28 U.S.C. § 1334(c)(1). Furthermore, irrespective of mandatory and permissive abstention under § 1334, a district court may exercise abstention in a bankruptcy proceeding "on any equitable ground." 28 U.S.C. § 1452(b).

## III. Analysis

First, the Plaintiff's claims are not related to a proceeding under Title 11. As of May 30, 2014, the Plaintiff's bankruptcy estate had been fully administered. Approximately two months later, the Bankruptcy Court entered an order granting the Plaintiff a discharge under 11 U.S.C. § 727. It does not appear that the Defendant

---

standards that focus on whether the action could conceivably affect the implementation of the confirmed plan.

Nuveen, 692 F.3d at 294-95 (internal citations and quotations omitted).

requested a revocation of the discharge under 11 U.S.C. § 727(e).[5]  More than nine months after the closing and administration of his bankruptcy estate, the Plaintiff filed this action in the Circuit Court of Berkeley County, West Virginia, alleging state law violations against the Defendant.

Because the Plaintiff's bankruptcy proceedings were closed and the administration of his bankruptcy estate was finalized more than nine months before the commencement of the instant proceeding, it is apparent to this Court that "the bankruptcy estate will be wholly unaffected by the outcome of the [current] litigation." In re Johnston, Bankruptcy No. 05-6288, 2007 WL 1166017, at *6 (Bankr. N.D. W. Va. Apr. 12, 2007); see also In re Kirkland, 600 F.3d at 318.  Therefore, because the proceeding before this Court will not "impact[ ] . . . the handling [or] administration of the [Plaintiff's] bankrupt estate," the proceeding is not related to a case in bankruptcy.  See New Horizon, 231 F.3d at 151.

Second, just as the Plaintiff's claims fail to relate to his prior bankruptcy proceeding, his claims also fail to arise in that proceeding.  The Plaintiff's claims against the Defendant for attempting to contact him directly when he was represented by counsel and making false representations as to the amount and status of claims against him are claims that could survive in their own right, regardless of whether or not he ever filed for bankruptcy.  See, e.g., In re Harlan, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009).

---

[5] Pursuant to § 727(e),

> The trustee, a creditor, or the United States trustee may request a revocation of a discharge--
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> (2) under subsection (d)(2) or (d)(3) of this section before the later of--
> (A) one year after the granting of such discharge; and
> (B) the date the case is closed.

11 U.S.C. § 727(e).

Therefore, the claims indeed have a "practical existence *but for* the bankruptcy," and thus do not arise in the Plaintiff's bankruptcy proceeding that was closed in July of 2014. See Valley Historic, 486 F.3d at 835 (quoting In re AH Robins Co., 86 F.3d at 372); see also In re Kirkland, 600 F.3d at 318.

Third, as the Plaintiff's claims neither relate to nor arise in his prior bankruptcy proceeding, his claims most certainly do not arise under that proceeding. The Plaintiff's claims against the Defendant, which assert violations of West Virginia Code §§ 46A-2-127(d) and 46A-2-128(e), are not "cause[s] of action created by the Bankruptcy Code" and such claims indeed "exist[ ] outside [of] the context of bankruptcy." See In re Kirkland, 600 F.3d at 316. Therefore, because all of the Plaintiff's state law claims fail to relate to, arise in or arise under Title 11, this Court lacks jurisdiction to hear the case.

Moreover, even if the Plaintiff's claims could be construed as relating to, arising in or arising under a case in bankruptcy, this Court would nevertheless decline to hear the instant proceeding for the following three reasons. First, if the Plaintiff's claims were related to a case under Title 11, but failed to arise in or arise under a case under Title 11, this Court, pursuant to 28 U.S.C. § 1334(c)(2), would be *required* to abstain from hearing the proceeding if it could be timely adjudicated in state court. Second, if the Plaintiff's claims arose in or arose under a case under Title 11, this Court would still have the authority to abstain from hearing the claims "in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law . . . ." 28 U.S.C. § 1334(c)(1). Third, regardless of whether the claims could somehow establish related to, arising in or arising under jurisdiction, because the Plaintiff's complaint is completely devoid of any reference to federal law and the parties before the Court are not diverse, it would be in the interests

of justice, equity and comity that the Plaintiff's state law claims be heard in state court. See 28 U.S.C. § 1452(b).

## IV. Conclusion

Accordingly, the Court **GRANTS** the Plaintiff's Motion to Remand [ECF No. 5] and **ORDERS** that this case be **REMANDED** to the Circuit Court of Berkeley County, West Virginia.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Court of Berkeley County, West Virginia.

**DATED:** January 14, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE